RICHARD L. GRANT, C.S.B. 093351
GRANT LAW, A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine, Ca. 92618
Tel. 949-379-7172
Fax. 949-379-7192
RGrant@GrantLawCA.com

Attorneys for Plaintiff:
ROHLIG USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHLIG USA, LLC | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR DAMAGES:** |
| THE JOBE'S COMPANY, WHOLLY OWNED BY CENTER LANE PARTNERS; EASY GARDENER, INC., A CORPORATION. | ) 1. Breach of Contract<br>) 2. Open Book of Account<br>) 3. Account Stated<br>) 4. Quantum Meruit<br>) 5. Unjust Enrichment |
| Defendants. | ) **PRINCIPAL AMOUNT $3,453,576.64** |

///

///

1
COMPLAINT FOR DAMAGES - BREACH OF CONTRACT

Comes Now, ROHLIG USA, LLC, hereafter "Plaintiff", for causes of action against Defendants THE JOBE'S COMPANY, WHOLLY OWNED BY CENTER LANE PARTNERS; EASY GARDENER, INC., a corporation and each of them, as follows:

**PARTIES**

1. Plaintiff is a Limited Liability Company with Headquarters maintained in Elk Grove, IL with additional offices and facilities maintained and operated in Los Angeles, CA within this judicial district. Plaintiff is domiciled in the State of Illinois. At all times herein, Plaintiff operated as a domestic and international freight forwarder and motor carrier. Plaintiff and Defendants have conducted business with each other for the past 10 years.

2. Defendant THE JOBE'S COMPANY, hereafter JOBES, is wholly owned by CENTER LANE PARTNERS with its principal place of business located in WACO, TEXAS. Based on information and belief, it is thereon alleged that JOBES has and is conducting business in ALL OF THE 50 States, including the state of California and this judicial district. Defendant herein is domiciled in the state of Texas. At all times mentioned herein, JOBES arranged, contracted, and requested the freight forwarding services of Plaintiff, as stated in the attached Statement of Account to Exhibit A hereto.

3. Defendant EASY GARDENER, INC., hereafter EASY GARDENER, is a corporation with its principal place of business located in WACO, TEXAS. Based on information and belief, it is thereon alleged that EASY GARDENER has and is conducting business in ALL OF THE 50 States, including the state of

1  California and this judicial district. Defendant herein is
2  domiciled in the state of Texas. At all times mentioned herein,
3  EASY GARDENER arranged, contracted, and requested the freight
4  forwarding services of Plaintiff, as stated in the attached
5  Statement of Account to Exhibit A hereto.

    4. Plaintiff reserves the right to amend and add additional defendants upon discovery of such parties.

### JURISDICTION AND VENUE

    5. This judicial district is proper venue for this action because this judicial district is where Plaintiff conducts business and maintains and operates Los Angeles, Ca offices and facility in this judicial district, pursuant to 28 USC 1391(b). Further, Defendants established contacts within California, and the actions herein arise of, or are related to or arise from Defendants' contacts.

    6. Plaintiff brings this action based upon **Diversity of Citizenship** as to Plaintiff and Defendants for a claim(s) in excess of $75,0000 wherein this herein Federal Court has original federal jurisdiction, 28 USC 1332.

    7. Plaintiff brings this action and claims against Defendant(s) pursuant to 49 USC 14706 which this herein Federal Court has federal question jurisdiction pertaining to liability for payment for domestic and international shipments.

///

///

**FIRST CAUSE OF ACTION-BREACH OF CONTRACT**

(Against All Defendants)

8. Plaintiff refers to all of the allegations contained in Paragraphs 1-7 of the complaint and by this reference incorporates them herein as though fully set forth.

9. Based upon information and belief, it is thereon alleged that at all times mentioned herein, during the four (4) years preceding this lawsuit, Plaintiff was and is a licensed transportation broker and freight forwarder by the Federal Motor Carrier Safety Administration.

10. At all times mentioned herein, during the four (4) years preceding this lawsuit, Defendant(s) JOBES, EASY GARDENER, and each of them, were desirous of transporting certain goods and wares for the benefit of their businesses from various origins and be delivered at various designated domestic and international locations by utilizing the freight forwarding services of the Plaintiff.

11. To accomplished the aforementioned desires of the Defendants herein, JOBES, EASY GARDENER, and each of them utilized the freight forwarding services of the plaintiff by making oral requests and demands for said services and agreeing to pay plaintiff for their services, and Plaintiff agreed to provide the requested and demanded freight forwarding services to the Defendants JOBES, EASY GARDENER, and each of them.

12. Further and except for those excused performances, Plaintiff acted and performed as a freight forwarder and had performed each and every oral request and demand by Defendants JOBES, EASY GARDENER, and each of them by virtue of said oral

agreements and requests. Said performance of the oral demanded and requested freight forwarder services took place during the four (4) years preceding this filing of this lawsuit, on April 13, 2021 and subsequently. Plaintiff's Statement of Account is attached to Exhibit "A" hereto.

     13. Defendant(s) JOBES, EASY GARDENER, and each of them, materially breached the herein oral written transportation agreement(s) by refusing and continuing to refuse to pay the unpaid freight forwarding charges/services to the Plaintiff for an indebtedness commencing on April 13, 2021 through November 3, 2021 for the principal sum of $3,453,576.64 or such other sum proven at time of trial, for which the Defendants enjoyed the economic benefit therefrom.

     14. The above amount of $3,453,576.64 includes payments of $345,149.27 paid to United States Customs by PLAINTIFF for and on behalf of Defendants JOBE'S AND EASY GARDENER, AND EACH OF THEM. See Exhibit A attached to this Complaint.

     15. Plaintiff's counsel had placed demand upon Defendant(s) JOBES, EASY GARDENER , and each of them, by virtue of this complaint and service thereof, for the outstanding sum of unpaid principal and accrued interest or such other sum proven at time of trial pursuant to the agreed oral transportation agreements herein, but said Defendant(s) JOBES, EASY GARDENER, and each of them, have failed to pay Plaintiff the outstanding principal sum of $3,453,756.64 and accrued interest from the time of services rendered by plaintiff to Defendants JOBES, EASY GARDENER, and each of them. Thus, the Plaintiff have been damaged therefore in the said amount.

5
COMPLAINT FOR DAMAGES - BREACH OF CONTRACT

## SECOND CAUSE OF ACTION-OPEN BOOK

(Against All Defendants)

16. Plaintiff refers to all of the allegations contained in Paragraphs 1-15 of the complaint and by this reference incorporates them herein as though fully set forth.

17. That Defendant(s) JOBES, EASY GARDENER, and each of them, within the last four years became indebted to Plaintiff herein on an open book account for a balance due for freight forwarding and transportation services requested on and for the behalf of Defendant(s) JOBES, EASY GARDENER, and each of them, and rendered at the special instance and request of Defendants JOBES, EASY GARDENER, and each of them, and for which Defendant(s) JOBES, EASY GARDENER, and each of them, promised to pay Plaintiff the sum of $3,453,576.64 or such other sum proven at time of trial.

18. Although demand for payment of said sum of has been made, by virtue of this complaint and service thereof, Defendant(s), and each of them, have failed and refused to pay said sum, and the whole principal amount thereof is now due, and owing, and unpaid, together with interest at the rate of ten (10) percent per annum, from and after April 13, 2021, the time of the commencement of the herein indebtedness, or such other sum proven at time of trial.

///

///

COMPLAINT FOR DAMAGES - BREACH OF CONTRACT

## THIRD CAUSE OF ACTION-ACCOUNT STATED

(Against All Defendants)

19. Plaintiff refers to all of the allegations contained in Paragraphs 1-18 of the complaint and by this reference incorporates them herein as though fully set forth.

20. That within the last four years prior to filing this complaint, an ACCOUNT STATED was created/formed as a matter of law between Plaintiff and Defendant(s) JOBES, EASY GARDENER, and each of them. Defendant(s) JOBES, EASY GARDENER, and each of them are indebted to Plaintiff in the sum of $3,453,576.64 for an unpaid balance due for freight forwarding and transportation services rendered on the behalf and benefit of Defendants herein and each of them. All of which the Defendants JOBES, EASY GARDENER, and each of them, have a legal obligation to pay Plaintiff the sum of $3,453,576.64 plus accrued interest at the rate of ten (10) percent per annum from and after April 13, 2021, the time of the commencement of the herein indebtedness, or such other sum proven at time of trial.

## FOURTH CAUSE OF ACTION-QUANTUM MERUIT

(Against All Defendants)

21. Plaintiff refers to all of the allegations contained in Paragraphs 1-20 of the complaint and by this reference incorporates them herein as though fully set forth.

22. That Defendant(s) JOBES, EASY GARDENER, and each of them, within the last four years became indebted to Plaintiff in the sum of $3,453,576.64 for an unpaid balance due for freight forwarding and transportation services rendered on the behalf

and benefit of Defendant(s) JOBES, EASY GARDENER, and each of them, at the special instance and request of said Defendants herein and each of them; and for which aforementioned Defendants JOBES, EASY GARDENER, and each of them, promised to pay Plaintiff, and the reasonable value of the same is the sum of $3,453,576.64 plus accrued interest at the rate of ten (10) percent per annum from and after April 13, 2021, the time of the commencement of the herein indebtedness, or such other sum proven at time of trial.

### FIFTH CAUSE OF ACTION-UNJUST ENRICHMENT

(Against All Defendants)

23. Plaintiff refers to all of the allegations contained in Paragraphs 1-22 of the complaint and by this reference incorporates them herein as though fully set forth.

24. As the result of unfair and tortuous acts of Defendant(s) JOBES, EASY GARDENER, and each of them, as set forth in this complaint, Plaintiff has been deprived of its ability to optimize the receipt of payment of the subject matter freight forwarding and transportation services provided to Defendant(s) JOBES, EASY GARDENER, and each of them, pursuant to the aforementioned specific requests and demands by the Defendant(s) and its employees, agents, and representatives.

25. Based upon information and belief, it is thereon alleged that Defendant(s) JOBES, EASY GARDENER, and each of them, have been unjustly enriched by FREIGHT FORWARDING AND Transportation Services provided to Defendants, and each of them, without payment to Plaintiff. Hence, Plaintiff has

COMPLAINT FOR DAMAGES - BREACH OF CONTRACT

unjustly suffered losses and damages, due to the unlawful and tortuous acts of the Defendants JOBES, EASY GARDENER and each of them.

26. Plaintiff seeks restitution from Defendant(s) JOBES, EASY GARDENER, and each of them, to the extent that they have been unjustly benefited/enriched, all funds due, owing, and belonging to Plaintiff as described in this complaint.

27. Plaintiff have been damaged resulting in compensatory damages in a sum of $3,453,576.64 or such other amount subject to proof at time of trial.

**Wherefore, Plaintiff prays for judgment against Defendants and each of them as follows:**

(1) On all causes of action for the principal sum of $3,453,576.64 or such other sum proven at trial; together with interest thereon at the rate of ten (10) percent per annum from April 13, 2021 until paid in full;

(2) For Costs of Suit in the amount according to proof;

(3) Compensatory Damages according to proof;

(4) For Reasonable Attorney's Fees; and

(5) For such other and further relief as the Court may deem just and equitable.

**GRANT LAW**

Dated: 11/22/21

By: _____
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF